IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION


| | | |
|---|---|---|
| LAWRENCE SANDERSON , | ) | |
| DANNY CURTIS, | ) | |
| LUCAS KOZLOWSKI, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| On behalf of themselves and all | ) | |
| Others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No.: 13-1457 |
| | ) | |
| CITY OF POTOSI, | ) | |
| ROY LOGSDEN, individually and in | ) | |
| His official capacity as Chief of Police | ) | |
| Of the City of Potosi, SERGEANT | ) | |
| JONIE BOYER, individually and in | ) | |
| Her official capacity as Sergeant in the | ) | |
| Potosi Police Deparment, MAYOR | ) | |
| THOMAS R. DUDLEY, | ) | |
| ALDERPERSONS: | ) | |
| JEFF GRAVES | ) | |
| MARY PAT WEST | ) | |
| KELLY EYE | ) | |
| ELMER AKERS, individually and in | ) | |
| Their official capacity as elected officials | ) | |
| In the City of Potosi. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| Serve at: | ) | |
| | ) | |
| Roger P. Coleman | ) | |
| City of Potosi | ) | |
| City Clerk | ) | |
| 121 East High St. | ) | |
| Potosi, Missouri 63664 | ) | |

## COMPLAINT

COME NOW Plaintiff's, Lawrence Sanderson, Danny Curtis, Lucas Kozlowski and on behalf of themselves and all others similarly situated, by and through counsel, and for their Complaint against Defendant(s) City of Potosi, Chief Roy Logsden, Sergeant Jonie Boyer, Mayor Thomas Dudley and Alderpersons Jeff Graves, Mary Pat West, Kelly Eye and Elmer Akers, present their Complaint and in support thereof state as follows:

## PARTIES TO THE ACTION

1.  Plaintiff Lawrence Sanderson (hereinafter, Sanderson), a resident of Washington County, worked for the City of Potosi as a Police Officer from July 2007 to January 2012.

2.  Plaintiff Danny Curtis (hereinafter Curtis), a resident of Washington County, worked for the City of Potosi as a Police Officer from May 2008 to January 2012.

3.  Plaintiff Lucas Kozlowski (hereinafter Kozlowski) , a resident of Washington County, worked for the City of Potosi as a Police Officer from January 2009 to January 2012.

4.  Defendant City of Potosi is a municipal government and employer within the State of Missouri that operates a police department, Potosi Police Department.

5.  Defendant Roy Logsden, a resident of Washington County, serves as the Chief of Police for the City of Potosi Police Department.

6.  Defendant Jonie Boyer, a resident of Washington County, serves as a Sergeant for the City of Potosi Police Department.

7.  Defendants, Thomas Dudley, Jeff Graves, Mary Pat West, Kelly Eye and Elmer Akers all serve as elected officials serving the City of Potosi, who within their capacity both personally and officially make decisions on behalf of the City, including personnel decisions.

## JURISDICTION AND VENUE

8.   This Court has original jurisdiction in this matter pursuant to Federal Question

Jurisdiction, 28 U.S.C. § 1331, in that this is a civil action arising under the Constitution, law or

treaties of the United States

9.   This Court has supplemental jurisdiction over Plaintiff's State Law Claims pursuant

to 28 U.S.C. § 1367(a).

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1)(2) and (3), in that

the defendants reside and may be found in this district and all of the events occurred in this

district.

11. Regarding the FLSA Claims, the FLSA authorizes court actions by private parties to

recover damages for violation of FLSA's wage and hour provisions.  Jurisdiction over the FLSA

claims of Plaintiffs and other similarly situate employees is based upon 29 U.S.C. § 216(b) and

28 U.S.C. § 1361 this action being brought under the FLSA.  This Court also has jurisdiction

over Plaintiff's state law claims under 28 U.S. C. § 1367 as the state law claims arise out of the

same case or controversy as the FLSA claims.

12. Missouri law authorizes court actions by private parties to recover damages for

violation of Missouri's wage and hour laws.  §290.527 RSMo.  Jurisdiction over Plaintiffs' state

law claims is based on 28 U.S. C. § 1368 and § 290.527 RSMo. (2000).

13. Venue in this district is proper under 28 U.S. C. § 1391(b) and (c), because a

substantial part of the events giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

The Factual Allegations Common to All Claims are made on information and belief and

are stated as follows:

14. Defendants requires its police officers and K-9 Officers to attend mandatory meetings as well as mandatory training all in excess of forty (40) hours within a work week; Further Defendants do not take advantage of the provisions allowed within the FLSA wherein Law Enforcement entities are allowed to pay overtime on a 14 or 28 day basis, but rather had the practice of paying overtime based on a forty (hour) workweek.

15. Defendant required Sanderson to  provide care, maintenance, grooming and upkeep of a department canine, reaped the benefit of the canine while providing no compensation for said activities.

16. Defendant fails to pay its police officers for work performed in excess of forty (40) hours within a workweek at a rate of at least one and one-half times the regular rate at which such employees are employed.

17. Rather, Defendant either pays these employees at their regular rate of pay, also known as "straight time" wages for hours worked in excess of forty (40) per workweek or does not compensate them at all.

18. Such failure is knowing and willful.

19.  The police officers are non-exempt from the overtime wage provisions for the FLSA and Missouri Law.

20. The effect of the policies and practices maintained and administered by Defendants, instituted and approved by City decision-makers, is that Defendants willfully failed to pay wages and overtime compensation and willfully failed to keep accurate time records.  Defendants thus enjoyed ill-gained profits at the expense of their hourly employees.

4

21.  On or about July 25, 2011 Plaintiff's filed a Letter of Intent to Sue with the City of Potosi, Police Chief Roy Logsden and other required agents providing notice of an intent to file suit based on violations of the Fair Labor Standards Act.

22. Upon receipt of that notification, Police Chief Logsden made the statement regarding Sanderson that, "…he was going to fire him…."

23. During the period starting in on or about January 2011, Sanderson, Curtis and Kozlowski had made contact with members of the Federal Bureau of Investigations, Department of Alcohol, Tobacco and Firearms, the Attorney General's Office, the Washington County Prosecuting Attorney, and certain City Council members alleging irregularities within the police department centered around Chief Logsden that were a violation of law, rule or established policy; Specifically irregularities regarding certain weapons belonging to the City of Potosi, irregularities regarding certain summonses within the City of Potosi, and irregularities regarding the treatment and preferential treatment of certain individuals within the City of Potosi by Chief Logsden.

24. After the Intent to Sue letter was received and after it became known to Chief Logsden; Sanderson, Curtis and Kozlowski were treated differently than other similarly situated officers that had not made such allegations nor advised of such intent.

25. After July 25, 2011 Chief Logsden began following Sanderson around during his midnight shifts; an activity which had not occurred during the previous five (5) years of his employ.

26. After July 25, 2011 Kozlowski was advised by a member of the Potosi Police

Department Command Staff that he should not support Sanderson in his efforts, and to do so could be detrimental to his career. Wherein, Kozlowski advised that he was considering going to the Attorney General's Office himself to file complaint.

27.  Chief Logsden created a Hostile Work Environment by advising other departmental personnel that they would not be getting raises, "thanks to Larry's lawsuit."

28. Chief Logsden furthered the Hostile Work Environment by actively seeking out complaints from other officers about Plaintiff's.

29. Chief Logsden continued the creation of a Hostile Work Environment by seeking or having sought a complaint to be filed against Plaintiff Sanderson by the Washington County Sheriff's Department.

30.  On or about August 13, 2011 Kozlowski was involved in an incident which left his hand injured from a gunshot wound.   This incident occurred out of the City Limits of the City of Potosi and within Washington County.  Due to the location of this incident, response was made by members of the Washington County Sheriff's Department.  Response was also made by Sgt. Jonie Boyer of the Potosi Police Department.  As result of Sgt. Boyer's involvement, an initial police report was written which was subsequently removed for the records management system, either of her own accord or at the direction of her superiors.  A follow-up memo was written wherein Sgt. Boyer either issued the report with blatantly false information or without due regard to the truthfulness of the information provided, either of her own accord or at the direction of her superiors.

31.  While engaged in the activity as described in number 28 of these statement of factual

allegations, Sgt. Boyer had occasion to learn personal and private medical information to which she was not entitled to such information. After receipt of that information, Sgt. Boyer violated Kozlowski's privacy rights by providing said information to a third party.

32. Chief Logsdon, retaliated against Plaintiff's in violation of the anti-retaliation provision of the FLSA and in violation of the Public Policy exception to the Employment at Will Doctrine, specifically reporting violations of law, violations of firmly held policy and exposing corruption, by prohibiting activities permitted to other officers were denied to Plaintiff's, such as the ability to have secondary employment.

33. Defendant members of the City Council perpetuated retaliation and the Public Policy exception in suspending Plaintiff Sanderson without holding a City Council meeting as required by City of Potosi Policy and Procedure.

34. Defendants wrongfully terminated Plaintiff's in violation of the anti-retaliation provision of the FLSA and of the Public Policy exception to the Employment at Will Doctrine using pre-textual reasons as the basis for the termination.

35. Defendants violated Plaintiff's Constitutional Liberty interests and Due Process rights by providing a service letter that was either false or made without regard for whether the items contained were true or false, by submitting a departure form to the Missouri Police Officer Standards and Training (POST) where items contained were either false or made without regard for whether they were true or false, by contacting other law enforcement agencies in an attempt to prohibit Plaintiff's from gaining employment by providing false information or information without regard to whether it was true or false.

Defendants attempted to defame Plaintiff's through Libel and Slander by making false comments regarding the K-9 unit and program to a local newspaper, providing a service letter that was

7

either false or made without regard for whether the items contained were true or false, by submitting a departure form to the Missouri Police Officer Standards and Training (POST) where items contained were either false or made without regard for whether they were true or false, by contacting other law enforcement agencies in an attempt to prohibit Plaintiff's from gaining employment by providing false information or information without regard to whether it was true or false.

36. Defendant Logsden created a hostile work environment by threatening Plaintiff Curtis during an evaluation review.

37.  Defendant Chief Logsden had previously held the position as Chief of Police with the City of Potosi.  He had been terminated for mismanagement.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

38. All proposed punitive class members and Plaintiffs are current or former employees of the Defendant as defined by 29 U.S.C. § 201(3)(e) and Missouri state laws.  Plaintiffs bring this action on behalf of themselves and all other current and former police officers working for the Potosi Police Department in the last three years ("Potosi Employees Class") under the FLSA.

39. The class represented by Plaintiffs is comprised of (i) police officers employed by the Potosi Police Department within the last three years.

40. Plaintiffs bring Count I of this lawsuit as a collective action under the FLSA on behalf of themselves and all other similarly situated employees employed by Defendant in the last two years.

41.  Plaintiffs bring Count II of this lawsuit as a class action under R.S.Mo § 290.500 and Fed. R. Civ. Pro 23 on behalf of themselves and all similarly situated employees employed by the Defendant within the last two years.

42. Plaintiff brings Counts III through V of this lawsuit as a class action under Missouri common law and Fed. R. Civ. Pro. 23 on behalf of themselves and all similarly situated employees employed by the City of Potosi within the last five years.

43. Plaintiffs bring this case as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all those who file a consent to join form with the Court.

44. Plaintiffs,  brings Count I individually and on behalf of the Potosi Employees Class, seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to accurately record and pay overtime and all hours worked. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

45. Plaintiffs bring Count II as a class action pursuant to Fed. R. Civ. Pro. 23, on behalf of themselves and as the Class Representative of the following persons:  All current and former employees who are or were employed by Defendants as a police officer within three years preceding the date of filing this action.

46. Plaintiffs bring Counts III through VI as class action pursuant to Fed. R. Civ. Pro. 23, on behalf of themselves and as the Class Representative of the following persons:  All current and former employees who are or were employed by Defendants as police officer within five years preceding the date of filing this action.

47. The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do no opt-out of the class.

48. Plaintiffs' state law claims satisfy the numerosity, commonality, typicality, and adequacy requirements of a class action pursuant to Fed. R. Civ. Pro. 23.

49.  The class satisfies the numerosity standards.  Upon information and belief, the Class consists of many persons who may be geographically dispersed.  As a result, joinder of all Class members in a single action is impracticable.  Class members may be informed of the pendency of this class action through direct mail.

50. Questions of fact and law are common to the Class and predominate over any individual questions.  The questions of law and fact common to the Class arising from Defendants' actions include, without limitation, the following:

  i.  Whether Defendants failed to pay Class members wages and overtime as required under R. S. Mo § 290.500,

  ii.  Whether Defendants maintained a K-9 program and assigned a member of the Class to function as the K-9 officer,

  iii.  Whether Defendants failed to fully and accurately record the hours worked each day and each work-week by Class members as required under R.S. Mo § 290.500,

  iv.  Whether contracts existed between Defendants and Class members requiring payment of wages,

  v.  Whether Defendants breach and violated Contracts with Class members by failing to pay wages for time worked,

  vi.  Whether Defendants are liable to Class members pursuant to quantum meruit,

  vii.  Whether Defendants have been unjustly enriched by their failure to pay Class members for time worked,  and

        viii.   Whether Defendants maintained a proper agreement to allow for payment of compensatory time wages.

51. The questions set forth above predominate over any questions affecting an individual person, as a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

52. Defendants are expected to raise common defenses to this class action, including denial that their actions violated the law.

53. Plaintiffs' claims are typical of thos of the Class in that Class members have all been employed in the same position as a police officer for the City of Potosi and are/were not paid for the time they spend/spent performing off-the clock work in either care, maintenance and upkeep of a canine, attendance of mandatory training and/or attendance of mandatory meetings as required by the Potosi Police Department.

54. Plaintiffs are adequate representatives of the Class because they are members of the Class and their interests do not conflict with the interest of the members of the class they seek to represent.  The interest of the members of the Class will be fairly and adequately protected by Plaintiffs and the undersigned counsel.

55. A class action is the appropriate method for the fair and efficient adjudication of this controversy.  Defendants have acted or refused to act on grounds generally applicable to the Class.  The presentation of separate actions by individual Class members creates a risk of inconsistent and varying adjudications, establishing incompatible standards of conduct for the City of Potosi, and substantially impairing or impeding the ability of Class members to protect their interests.

11

56. Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy.  It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

## COUNT I

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

57. Plaintiffs incorporate the above stated paragraphs of this complaint by reference.

58. Plaintiffs and similarly situated individuals have been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 216(b).

59. The FLSA requires employers to pay employees a minimum wage for all hours worked. 29 U.S.C. § 206.  Section 207 requires employers to pay employees one and one-half times the regular rate of pay at which they are employed for all hours worked over fourth hours per workweek and/or compensatory time for police officers. 29 U.S.C. § 207.

60. In order to utilize the compensatory time exception, the FLSA requires an "agreement or understanding" prior to the performance of overtime work, which can be accomplished through a collective bargaining agreement, a memorandum of understanding, or any other agreement between employer and represetnatve of the employee.  The nature of such agreement can be determined through discovery of Defendants' records, if one exists.

61.  Defendants' actions, policies and/or practices were in violation of the FLSA's minimum wage and overtime requirements by regularly and repeatedly failing to compensate Plaintiffs and similarly situated individuals for time spent on work activities as described in this

12

complaint.  Defendants also willfully failed to keep accurate records of all hours worked by their employees.

62.  Section 13 of the FLSA exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply to Plaintiffs or other similarly situated employees.

63.  Plaintiffs and all similarly situated employees are victims of a uniform compensation policy.  The same unlawful compensation policy is applied to all police officers employed with the City of Potosi.

64.  Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situate employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime payment permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime compensation, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

65.  As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiffs and all similarly situated employees.  Accordingly, Defendants are liable under 29 U.S.C. §216(b), together with an additional amount as liquidated damages, pre-and post-judgment interest, reasonable attorneys' fees and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiffs and all similarly situated employees demand judgment against Defendants and pray for: (1) finding that Defendants' conduct was a willful violation of the FLSA; (2) compensatory damages; (3) liquidated damages;

(4) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (5) pre-judgment and post-judgment interest as provided by law; (6) such other relief as the Court deems fair and equitable.

## COUNT II

### VIOLATION OF MISSOURI'S WAGE AND HOUR LAWS

66. Plaintiffs incorporate the above stated paragraphs of this complaint by reference.

67. At all relevant times herein, Plaintiffs and the Class have been entitled to the rights, protections, and benefits provided under Missouri's wage and hour laws, R.S. Mo § 290.500 *et seq*.

68. Missouri's wage and hour laws regulate, among other things, the payment of overtime wages by employers, subject to limited exemptions not applicable herein. R.S. Mo §290.500(3) & (4); R.S. Mo § 290.505.1.

69. During all times relevant to this action, Defendants were the "employer" of Plaintiffs and the Class within the meaning of the Missouri's wage and hour laws. R.S. Mo §290.500(3) & (4).

70. During all times relevant to this action, Plaintiffs and the Class were Defendants' "employees" within the meaning of Missouri's wage and hour laws. R.S. Mo §290.500(3).

71. Missouri's wage and hour laws exempt certain categories of employees from Missouri's overtime wage and other obligations, none of which apply to Plaintiffs or the Class. R.S. Mo § 290.500(3).

72. Pursuant to Missouri's wage and hour laws, employees are entitled to be compensated

at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty (40) hours in a workweek. R.S. Mo § 290.505(1).

73.  Defendants, pursuant to their policy and practice, violated Missouri wage and hour laws by refusing and failing to pay Plaintiffs and other similarly situated employees overtime wages required under Missouri law.  R.S. Mo §290.505.1.  In the course of perpetrating these unlawful practices, Defendants have also failed to keep accurate records of the hours worked each day and each workweek by their employees as required under Missouri law. R.S. Mo § 290.520.

74.  Plaintiffs and the Class are victims of a uniform and employer-based compensation policy.  This uniform policy, in violation of Missouri's wage and hour laws, has been applied, and continues to be applied, to all Class members.

75.  Plaintiffs and all similarly situated employees are entitled to damages equal to all unpaid overtime wages due within two (2) years preceding the filing of this Complaint plus periods of equitable tolling along with an additional equal amount as liquidated damages. R.S. Mo § 290.527.

76. Plaintiffs and the Class are entitled to an award of pre-judgment and post-judgement interest at the applicable legal rate.

77.  Defendants are liable pursuant to R.S. Mo § 290.527 for Plaintiffs costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count II of this Complaint, Plaintiffs and all similarly situated employees demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by R.S. Mo § 290.527; (4) pre-

judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## COUNT III

## RETALIATION IN VIOLATION OF THE FLSA

78. Plaintiff incorporates by reference the above state paragraphs as if set forth fully herein.

79. Plaintiff engaged in activity protected by the FLSA, including but not limited to the following: (a) making a claim to Defendant for unpaid overtime, and (b) complaining to Defendant about unpaid overtime, lack of recording systems.

80. Plaintiff's were suspended, terminated and discriminated against because of this protected activity.  Defendant's actions violated the anti-retaliation provision of the FLSA, 29 U.S.C.§ 215(a)(3).

81. As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff's, Plaintiff's have sustained damage.

82. Defendant's actions were intentional, willful, knowing, wanton, and malicious and in flagrant disregard for the rights of Plaintiff's and entitle Plantiff's to an award of punitive damages.

WHEREFORE, on Count III of this Complaint, Plaintiff demands judgment against Defendant and prays for: (1) a finding that Defendant wrongfully terminated Plaintiff in retaliation for protected activity under the FLSA; (2) an award of actual damages in an amount to be proved at trial, including but not limited to back pay, front pay and emotional distress damages; (3) liquidated damages; (4) punitive damages to punish and deter Defendant and others from like conduct; attorney's fees, costs, pre-judgment

16

interest, and post-judgment interest; (5)such other relief as the Court deems fair and equitable.

## COUNT IV

## BREACH OF CONTRACT

83.  Plaintiffs incorporate the above state paragraphs of this complaint by reference.

84. During times relevant, Plaintiffs and all others similarly situated entered into agreements with the Defendants whereby such persons agreed to perform services as part of their employment with Defendants and Defendants agreed to compensate such persons for all such services based upon specified hourly rates of pay (hereinafter "the Contracts").

85. Defendants breached and violated the Contracts by failing to pay Plaintiffs and all others similarly situated for time worked.

86. Prior to Defendants breach and violation of the Contracts, Plaintiffs and all others similarly situated performed their duties under the Contracts.

87. As a direct result of Defendants' violations and breaches of the Contracts, Plaintiffs and all others similarly situated have been damaged.

88. Plaintiffs and all similarly situated employees are entitled to damages equal to all unpaid wages due with five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

89. Plaintiffs and the Class are entitled to an award of pre-judgment and post-jusgment interest at the applicable legal rate.

WHEREFORE, on Count IV of this Complaint, Plaintiffs and all similarly situate employees demand judgment against Defendants and pray for: (1) compensatory damages; (2)

17

pre-judgment and post-judgment interest as provided by law; (3) such other relief as the Court deems fair and equitable.

## COUNT V

## QUANTUM MERUIT

90.  Plaintiffs incorporate the above stated paragraphs of this complaint by reference.

91. Defendants recognized the benefits conferred upon them by Plaintiffs and others similarly situated.

92.  Defendants accepted and retained the benefits under circumstances that would render such retention inequitable.

93. Defendants were notified of the work performed without compensation and demand was made for payment of such work.

94. Defendants have thereby been unjustly enriched and/or Plaintiffs and others similarly situated have been damaged.

95. The payment requested by Plaintiffs and others similarly situated for the benefits produced by them is based on customary and reasonable rates for such services or like services at the time and in the locality were the services were rendered.

96. Plaintiffs and all similarly situated employees are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

97. Plaintiffs and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count V of this Complaint, Plaintiffs and all similarly situate employees demand judgment against Defendants and pray for: (1) compensatory damages; (2)

18

pre-judgment and post-judgment interest as provided by law; (3) such other relief as the Court deems fair and equitable.

## COUNT VI

## UNJUST ENRICHMENT

98. Plaintiffs incorporate the above stated paragraphs of this complaint by reference.

99. Plaintiffs and others similarly situated conferred benefits on Defendants and Defendants received such benefits conferred upon them by Plaintiffs and those similarly situated.

100.    Defendants accepted and retained the benefits in circumstances that render such retention inequitable.

101.    Defendants have thereby been unjustly enriched and/or Plaintiffs and others similarly situated have been damaged.

102.    Plaintiffs and all similarly situated employees are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this complaint plus periods of equitable tolling.

103.    Plaintiffs and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count VI of this Complaint, Plaintiffs and all similarly situate employees demand judgment against Defendants and pray for: (1) compensatory damages; (2) pre-judgment and post-judgment interest as provided by law; (3) such other relief as the Court deems fair and equitable.

## COUNT VII

## VIOLATION OF FIRST AMENDMENT VIA 42 U.S.C.§ 1983

104.    Plaintiffs incorporate the above stated paragraphs by reference herein.

19

105.    That the First Amendment of the United States Constitution guarantees Plaintiffs'

the right to speak out on matters of public concern without fear of unjust retaliation.

106.    That Plaintiffs engaged in protected speech on matters of public concern by

implicating Chief Logsden and others in violations of state and federal laws with regard to his

duties as Chief of Police.

107.    That in direct retaliation for their exercise of protected speech, Defendants

retaliated against Plaintiffs in the manners described in the preceding paragraphs.

108.    That the retaliation and misconduct described in the Count was devised and

carried out by individuals with final policy making authority to establish municipal policy with

respect to the actions ordered or delegated.

109.    That the retaliation and misconduct described in this Count constituted the

municipal policy and widespread practice of the City of Potosi and Potosi Police Department to

retaliate against officers that complain of misconduct by the Chief of Police, rank officers and

members of the City Council.

110.    That as a result of the aforementioned deprivations of federal rights, Plaintiffs

suffered and will likely continue to suffer grievous harm including, without limitation, a

substantial loss of income and benefits, loss of earnings potential, loss of enjoyment of life and

severe emotional distress.

WHEREFORE, Plaintiffs demand individually compensation from all defendants in an

amount in excess of $500,000 in compensatory damages, attorney's fees, costs of suit and

exemplary damages as warranted.

## COUNT VIII

## VIOLATION OF EQUAL PROTECTION VIA 42 U.S.C.§ 1983

111.    Plaintiffs incorporate the above stated paragraphs by reference herein.

112.    That Plaintiffs were retaliated against based upon their membership in a certain class of individuals, i.e. whistleblowers who complained about and reported the Chief of Police.

113.    Plaintiffs were treated differently that other similarly situated individuals that were not whistleblowers or did not complaint about the Chief of Police.

114.    That the different treatment of Plaintiffs described in the preceding paragraphs was intentional and arbitrary, motivated by nefarious and discriminatory purpose, and not rationally related to any governmental interest.

115.    That the misconduct described in this Count was undertaken by municipal policy makers with final authority to establish municipal policy with respect to the actions ordered or delegated.

116.    That the misconduct described in this Count constituted the municipal policy and widespread practice of the City of Potosi and the Potosi Police Department.

117.    That the Defendants each acted under color of law in depriving Plaintiffs of their Fourteenth Amendment right to Equal Protection as secured by the Constitution of the United States.

118.    That as a result of the aforementions deprivations of federal rights, Plaintiffs suffered and will likely continue to suffer grievous harm including, without limitation, substantial loss of income and benefits, loss of earnings potential, loss of enjoyment of life and severe emotional distress.

WHEREFORE, Plaintiffs each individually demand compensation from all defendants in an amount in excess of $500,000 in compensatory damages, attorney's fees, costs of suit and exemplary damages as warranted.

## COUNT IX

## VIOLATION OF DUE PROCESS VIA 42 U.S.C.§ 1983

119.    Plaintiffs incorporate the above stated paragraphs by reference herein.

120.    That Defendants violated Plaintiffs Constitutional Due Process and Liberty rights.

121.    That Defendants issued service letters to Plaintiffs that were either false or made without regard to their truthfulness.

122.    That Defendants submitted departure forms on Plaintiffs to the Missouri Police Officer Standards and Training (POST) Commission that were either false or made without regard to their truthfulness.

123.    That Defendants made comments in the local newspaper regarding Plaintiffs and the K-9 program that were either false or made without regard to their truthfulness.

124.    That Defendants made comments to other Law Enforcement agencies seeking to hire Plaintiffs that were either false or made without regard to their truthfulness.

125.    That Defendants performed an evaluation on at least one employee, later used to terminate, that was either false or done without regard to the truthfulness of the information contained.

126.    That the misconduct described in this Count was undertaken by municipal policy makers with final authority to establish municipal policy with respect to the actions ordered or delegated.

127.    That the misconduct described in this Count constituted the municipal policy and widespread practice of the City of Potosi and the Potosi Police Department.

128.    That the Defendants each acted under color of law in depriving Plaintiffs of their

Fourteenth Amendment right to Equal Protection as secured by the Constitution of the United States.

129.    That as a result of the aforementions deprivations of federal rights, Plaintiffs suffered and will likely continue to suffer grievous harm including, without limitation, substantial loss of income and benefits, loss of earnings potential, loss of enjoyment of life and severe emotional distress.

WHEREFORE, Plaintiffs each individually demand compensation from all defendants in an amount in excess of $500,000 in compensatory damages, attorney's fees, costs of suit and exemplary damages as warranted.

## COUNT X

## MONELL CLAIM

130.    Plaintiffs incorporate the above stated paragraphs by reference herein.

131.    That the retaliation against Plaintiffs was part of a custom, policy and practice espoused by the City of Potosi and Potosi Police Department and its policymakers within the Police Department to punish officers who reported and/or complained of misconduct by the Chief of Police.

132.    That as a result of employing a custom, policy and practice espoused by the City of Potosi and Potosi Police Department to retaliate against those officers that reported or complained of misconduct, Plaintiffs suffered and will likely continue to suffer grievous harm including, without limitation, substantial loss of income and benefits, loss of earnings potential, loss of enjoyment of life, and severe emotional distress.

23

WHEREFORE, Plaintiffs individually demand compensation from all defendants in an amount in excess of $500,000 in compensatory damages, attorney's fees, costs of suit and exemplary damages as warranted.

## COUNT XI

## WRONGFUL TERMINATION IF VIOLATION OF PUBLIC POLICE EXCEPTION TO THE AT-WILL DOCTRINE

133.     Plaintiffs incorporate the above stated paragraphs by reference herein.

134.     That Plaintiffs complained and reported violations of law, violations of codes of ethics for police officers and corruption engaged in by the Chief of Police.

135.     That this information was reported to the FBI, AFT, Local Prosecutor, Local Judge

and others in a position of authority.

136.     That because of these reports Defendants retaliated against Plaintiffs as described above, suspended Plaintiff Sanderson without benefit of a City Council meeting as required by City Ordinance and Terminated Plaintiffs with the use of pre-textual reasons that were either false or cited without regard to their truthfulness.

137.     That as a result of the action taken by the City of Potosi and Potosi Police Department to retaliate against those officers and terminate those officers that reported or complained of misconduct, Plaintiffs suffered and will likely continue to suffer grievous harm including, without limitation, substantial loss of income and benefits, loss of earnings potential, loss of enjoyment of life, and severe emotional distress.

WHEREFORE, Plaintiffs individually demand compensation from all defendants in an amount in excess of $500,000 in compensatory damages, attorney's fees, costs of suit and exemplary damages as warranted.

## COUNT XII

## NEGLEGENT HIRING, RETENTION AND SUPERVISION

138.    Plaintiffs incorporate the above stated paragraphs by reference herein.

139.    Defendants, Mayor and City Council knew or should have known of their employee, Chief Logsdens' dangerous proclivities.

140.    Defendants, Mayor and City Council knew or should have known that Chief Logsden had previously held the position of Chief of Police in the City of Potosi.

141.    Defendants, Mayor and City Council knew or should have known that Chief Logsden had previously been terminated from this position for reasons relating to his mismanagement of the Police Department.

142.    Because Defendants, Mayor and City Council chose to re-hire Chief Logsden for the position of Chief of Police, and because they retained Logsden in that position after learning of possible misconduct and because they failed to supervise Chief Logsden in any meaningful way, Plaintiffs have been damaged as described above.

143.    As a result of the action or lack thereof taken by the City of Potosi, Mayor and City Council to retaliate hire, retain and fail to supervise Chief Logsden, Plaintiffs suffered and will likely continue to suffer grievous harm including, without limitation, substantial loss of income and benefits, loss of earnings potential, loss of enjoyment of life, and severe emotional distress.

WHEREFORE, Plaintiffs individually demand compensation from all defendants in an amount in excess of $500,000 in compensatory damages, attorney's fees, costs of suit and exemplary damages as warranted.

## RULE 38 JURY DEMAND

Plaintiffs demand trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

LAW OFFICE OF TARUN RANA

By:  Donald Kraher #60425MO
   One of Plaintiff's Attorneys

Tarun B. Rana, Esq.
Law Offices of Tarun B. Rana
701 Emerson Rd, Suite 260
St. Louis, MO 63141
Phone: 314-329-7690
Fax: 314-735-4097
Email: tarun@ranaesq@gmail.com

Donald Kraher, Esq.
Law Office of Donald Kraher
8816 Manchester Rd. #336
St. Louis, MO 63144
Phone: 314-808-7753
Fax: 636-590-2899
Email: dkraherlaw@gmail.com