IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE SANDERSON, et al.<br>on behalf of themselves and all others<br>similarly situated,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>CITY OF POTOSI, et al.<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)　　Cause No:　　4:13-cv-1457-NAB<br>)<br>)<br>)<br>) |

**DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS**

COME NOW Defendants, and for their Statement of Uncontroverted Facts in Support of their Motion for Summary Judgment on Count III of the Verified Second Amended Complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure, state as follows:

1. Plaintiffs Lawrence Sanderson, Luke Kozloski, and Danny Curtis worked as patrol officers for the City of Potosi Police Department. (Doc. 38, Verified Second Am. Compl. ¶¶2-4).

2. On January 2, 2012, Plaintiffs were terminated from their employment. (Doc. 38, ¶¶2-4).

3. Plaintiffs, through counsel, filed suit on July 25, 2013, alleging violations of the Fair Labor Standards Act (FLSA) as part of a class of similarly situated officers, among other claims. (Doc. 1, Compl.).

4. Plaintiffs, through counsel, filed an Amended Complaint on January 13, 2014. (Doc. 9, Compl.).

1

5. With leave of Court granted May 29, 2014, Plaintiffs filed a Verified Second Amended Complaint on May 30, 2014.[1] With the Second Amended Complaint, Plaintiffs for the first time filed their written consents to opt in to the collective class for their claim under the FLSA. (Docs. 37 and 38).

6. Defendant City of Potosi is a fourth-class city located in Washington County, Missouri. (Ex. A - Dudley Dep. Vol. I, 8:12-9:9)

7. Many employees of the City of Potosi are members of the International Brotherhood of Electrical Workers. (Ex. A - Dudley Dep. Vol. I, 26:7-27:4)

8. The City relies on the expertise of the IBEW in developing and modifying personnel policies. (*Id.*)

9. The union-negotiated personnel policies apply to the police department as well as the unionized work force for the City. (*Id.*)

10. The Potosi Police Department maintains an Operations Manual which sets forth policies specific to the Police Department, including the policy for obtaining approval for working overtime when necessary. (Ex. B - Logsden Dep. Vol. I, 63:22-65:13)

11. While the shop employees have a time clock and the police officers have time sheets which the officers fill out themselves, the timekeeping practices do not vary between the departments in the City. (Ex. C - Smith Dep. 18:18-22, 51:1-11)

12. Police officers complete their own timesheets. (Ex. C - Smith Dep., 51:23-24)

13. Police officers who worked over 40 hours in one week for non-grant funded overtime were compensated with comp time. Officers who worked grant-funded overtime received overtime pay through the grant. (Ex. C - Smith Dep. 55:8-14)

---

[1] Although plaintiffs filed their Motion for Leave to File the Second Amended Complaint on May 27, 2014, leave to file the pleading was not granted until May 29, 2014, and the pleading was filed on May 30, 2014. See Docs. 31, 37 and 38. The exact date the pleading is deemed filed under Rule 15 is immaterial to the disposition of this Motion.

14.     In 2007, Potosi Police Chief Roy Logsden worked with an advisor from an insurance carrier to draft Potosi's Police Department Operations Manual, including its overtime policy.  They relied on a sample policy manual provided by the advisor.  (Ex. B - Logsden Dep. Vol. I, 76:12-77:2)

15.     The Potosi Police Department displays the required employment posters regarding employee rights under the FLSA.  (Ex. B - Logsden Dep. Vol. I, 88:11-89:1)

16.     Chief Logsden testified that his understanding of overtime law is that if you work overtime, meaning more than 40 hours per week, you get paid time-and-a-half.  (Ex. B - Logsden Dep., Vol. I, 92:1-11)

17.     Logsden has at times discussed the Police Department's overtime policy with the City's auditor and David Orzel, former city attorney, to ensure compliance.  (Ex. B - Logsden Dep. Vol. I, 89:4-90:8; 93:19-25)

18.     The City auditor checked over the Police Department's practices monthly and visited each department to perform a detailed review of each department's practices once or twice per year.  (Ex. B - Logsden Dep. Vol. I, 89:7-10, 90:3-8)

19.     Logsden testified he believed the Police Department was complying with the wage and hour law, and the City Attorney or auditor would have caught it if they were doing something improperly.  (Ex. B - Logsden Dep., Vol I, 89:7-10, 92:22-25)

20.     David Orzel was the attorney for the City of Potosi in 2011.  (Ex. D - Orzel Dep. 11:1-6)

21.     Mr. Orzel examined the Police Department overtime policy after receiving an intent to sue letter from Sanderson's attorney in July of 2011.  Later that fall, he advised the City

Council that while the current policy wasn't the safest method possible, he believed it still complied with legal requirements.  (Ex. D - Orzel Dep. 24:13-25:5)

22. Although Mr. Orzel suggested changes to the overtime policy which he believed would be a safer practice, he advised the City that the current policy was acceptable under the law, and the City declined to change the policy. (Ex. D - Orzel Dep. 25:13-27:6)

23. Orzel could not recall what specific changes he suggested, but recalled the topics pertained to payment of overtime to officers on a monthly, rather than weekly, basis, and establishing written criteria for supervisors to approve overtime rather than leaving it to the supervisors' discretion. (Ex. D - Orzel Dep., 25:8-12, 41:25-43:7)

24. Plaintiff Curtis never complained about not being paid overtime to any supervisors, to any City Council members or to the Mayor during his employment with the City of Potosi. (Ex. E - Curtis Dep. 91:25-92:7)

25. Plaintiff Kozloski asserts he complained to Cpt. Gum and Lt. Gum about unpaid overtime, but admits he never complained to the Chief, anyone in the payroll department, the City Council or the Mayor about unpaid overtime.  (Ex. F - Kozloski Dep. 70:3-7, 74:21-75:13)

26. To Kozloski's knowledge, neither Cpt. Gum nor Lt. Gum informed the Chief or anyone higher in the City administration of Kozloski's intention to join Sanderson's suit about unpaid overtime. (Ex. F - Kozloski Dep. 100:10-16)

27. Plaintiff Sanderson never personally complained to the Chief, the Mayor, the City Council, the payroll clerk, or any supervising officers except perhaps Sgt. Boyer about any unpaid overtime during his employment. (Ex. G - Sanderson Dep. 86:24-88:3)

28. Sanderson never submitted any time he spent training his K-9 partner, Bailey, for compensation.  (Ex. G - Sanderson Dep. 88:23-89:7)

4

                                            */s/ Christine A. Vaporean*  
                                            John P. Rahoy  #41896MO  
                                            Christine A. Vaporean  #48021MO  
                                            800 Market Street, Suite 1100  
                                            St. Louis, Missouri  63101  
                                            (314) 421-3400  
                                            (314) 421-3128 (Fax)  
                                            jrahoy@bjpc.com  
                                            cvaporean@bjpc.com

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the above and foregoing pleading was filed electronically with the above-captioned Court, with notice of case activity to be generated and sent electronically by the Clerk of said Court to: Kevin J. Dolley, Mark J. Obermeyer, The Law Offices of Kevin J. Dolley, LLC, 2726 S. Brentwood Blvd., St. Louis, MO 63144, Attorneys for Plaintiffs and Mr. Donald Kraher, Law Office of Donald Kraher, 816 Harper Drive, De Soto, MO 63020, Co-Counsel for Plaintiffs, this 15th day of April, 2016.

                                            /s/ Christine A. Vaporean

CAV/12902101