UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE SANDERSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:13-CV-1457 NAB |
| | ) | |
| CITY OF POTOSI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). This matter is before the Court upon the parties' notice of settlement and motion for court approval in light of Plaintiffs' claim for failure to pay overtime wages under § 216(b) of the Fair Labor Standards Act (FLSA).[1] The Court has conducted an *in camera* review of the parties' settlement agreement and motion for court approval, as well as a colloquy with counsel on the record regarding attorneys' fees and the overall fairness of the settlement. Finding that the settlement is fair and equitable to all parties, the Court will approve the settlement.

The Court first notes that "the law is unsettled as to whether judicial approval of a proposed settlement of FLSA claims is required in the absence of a certified class." *King v. Raineri Const., LLC*, No. 4:14-CV-1828 CEJ, 2015 WL 631253, at *1 (E.D. Mo. Feb. 12, 2015). Nonetheless, because declining to review the proposed settlement agreement would leave the parties in an uncertain position, the Court will review the settlement's FLSA-related terms for fairness. *Id*. The Court's review "is properly limited only to those terms precisely addressing the

---

[1] Plaintiffs also brought claims for retaliation under the FLSA and 42 U.S.C. § 1983.

compromised monetary amounts to resolve pending wage and overtime claims." *Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 134 (D.D.C. 2014).

A district court may only approve an FLSA settlement agreement after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Fry v. Accent Mktg. Servs. L.L.C.*, No. 4:13-CV-59 (CDP), 2014 WL 294421, at *1 (E.D. Mo. Jan. 27, 2014); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Here, Defendants produced documents regarding hours worked and copies of payroll checks for the pertinent period, the parties reportedly disputed whether a partial exemption for law enforcement applies, and Defendants filed a motion for summary judgment based on the statute of limitations. Therefore, the Court finds that this action involves a bona fide dispute with regard to Plaintiff's claim for failure to pay overtime wages under § 216(b) of the FLSA.

To determine whether a proposed settlement is fair and equitable, courts consider the totality of the circumstances. "[F]actors a court may consider include the stage of the litigation and amount of discovery exchanged, the experience of counsel, the probability of plaintiffs' success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between represented parties based on the merits of the case." *King*, 2015 WL 631253, at *2. In making a fairness determination, courts "should be mindful of the strong presumption in favor of finding a settlement fair." *Crabtree v. Volkert, Inc.*, No. 11-0529-WS-B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013) (noting that "the Court is generally not in as good a position as the parties to

determine the reasonableness of a FLSA settlement") (quoting *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009)).

Considering the totality of the circumstances, the Court finds that the proposed settlement is fair and equitable to all parties. The settlement comes on the brink of summary judgment motions and trial, following extensive discovery. The parties have developed their cases enough to know the potential recovery and the relative risks of proceeding to trial with their claims, yet the litigation is not so advanced that the parties will not realize significant benefits by settling before filing dispositive motions and proceeding to trial. The parties have been represented by competent counsel and the settlement reflects a compromise based on the merits of Plaintiffs' claims. Therefore, the Court finds no basis to doubt that the settlement is fair and equitable to all parties.

The requested attorneys' fees in this case are also reasonable. It is well-established that "[t]he starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rat[e]." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002). The attorneys in this case have engaged in extensive discover as well as significant motion practice, negotiated with opposing counsel, and participated in mediation. The amount of attorneys' fees requested by Plaintiffs' counsel is not opposed by Defendants and is reasonable based on the amount of time and effort expended on this case.

Finally, the parties filed their settlement agreement for court review *in camera*, and their settlement agreement contains a confidentiality provision. Balancing the substantial benefits of this settlement against the harm of sealing these documents from public view, the Court finds

3

that the interests of justice weigh in favor of approving the parties' settlement agreement and allowing it to remain under seal.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' motion for court approval of the settlement agreement filed *in camera* is **GRANTED**.  The settlement agreement is approved and incorporated by reference as part of this order.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE** in its entirety.  Each party will bear its own costs and fees except as otherwise provided for in the settlement agreement.

**IT IS FINALLY ORDERED** that the settlement materials submitted to the Court for *in camera* review shall be maintained by the Clerk of Court under seal.

Dated this 3rd day of May, 2016.

        /s/ Nannette A. Baker
        NANNETTE A. BAKER
        UNITED STATES MAGISTRATE JUDGE